No. 26,294.

THE ARCADIA VALLEY FRUIT GROWERS' ASSOCIATION, *Appellant*, v.
THE GROVIER-STARR PRODUCE COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

BROKERS—*Authority to Receive Payment—Evidence—Pleadings.* In an action
to recover partial payment for a shipment of apples, the proceedings con-
sidered and held: (*a*) the evidence was sufficient to sustain the finding and
judgment of the court; (*b*)The pleadings sufficiently presented the issues.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed January 9, 1926. Affirmed.

*J. S. Simmons, Stuart Simmons* and *Alva L. Fenn,* all of Hutchinson, for the
appellant.
*C. M. Williams* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The action was one to recover partial payment for
a shipment of apples.   The defendant prevailed and plaintiff appeals.

The plaintiff is a Washington corporation engaged in raising and
selling apples.   Defendant is a copartnership engaged in the produce
business at Hutchinson, Kan.   J. F. Arnold is a broker doing busi-
ness under the name of Arnold & Company at Spokane, Wash.   Six
carloads of apples were received by the defendants and payment
made to Arnold.   The controversy arises over the question whether
the defendant was authorized to pay Arnold for the shipment or is
liable to the plaintiff, having paid Arnold in full.   The court made
this finding:

"In this case I find generally for the defendant as I am irresistibly impressed
with the idea that the relationship and dealings of plaintiff and Arnold & Com-
pany and the general manner of conducting this business and in entrusting him
with the bill of lading, and the generally accepted idea that he was the in-
termediary through which all the business was to be conducted and handled,
authorized the defendant to remit and make settlement of the business be-
tween the plaintiff and defendant, through him; and judgment will, therefore,
be entered in favor of the defendant, and the action dismissed as of January
6, 1925."

E. N. Robinson, representing the plaintiff, among other things,
testified:

Brokers, 9 C. J. pp. 671 n. 70, 678 n. 34, 679 n. 38; 4 R. C. L. 259. Pleading,
31 Cyc. p. 767 n. 34.

"Mr. Arnold was securing apple tonnage for Piowaty & Company, of Chicago, who were making advances against shipments as made, and we had been shipping them a number of cars through Mr. Arnold, and they were fairly well supplied at this time with Wagner apples, and Mr. Arnold told me that Grovier Produce Company was in the market for Wagner apples and could handle a few cars, and that they would advance $0.75 a box against bill of lading, and sell the apples to best advantage and account to us for the selling price less 10% for their commission. That arrangement was satisfactory and we accordingly made these shipments.

.   .   .   .   .   .   .   .   .   .   .   .

"Q. Going back again, Mr. Robinson, to the time when these shipments were made, state whether or not you had possession of the original bills of lading for these cars. A. I did.

"Q. State what you did to those bills of lading? A. I took them to Spokane to the office of J. F. Arnold and delivered them to him."

### J. F. Arnold testified:

"Q. In what manner were these shipments handled? A. They were loaded and shipped by the Arcadia Valley Fruit Growers' Association, and the bills of lading brought to our office, and in exchange for which we gave our check for $0.75 per box.

"Q. And what was done with the bills of lading? A. The bills of lading were attached to the draft and sent to the Grovier Produce Company for collection through the Scandinavian American Bank.

"Q. State whether or not credit was given you at the bank at the presentation of the draft and bills of lading? A. Yes.

"Q. You had arranged for this credit? A. I arranged for it, but we had Grovier Produce Company put on a guaranty for a stated amount."

The question arises as to whether there was evidence to support the finding of the trial court. The plaintiff contends that the finding or judgment was on facts outside the issues in the case and therefore not binding upon it; also that the case is within the exception so often made where the evidence is by deposition so that this court may judge it as well as the trial court. There was oral evidence in the case which, together with the other facts and circumstances, was sufficient to sustain the court's finding. Considering the whole record, however, this court is unable to say that it would not arrive at the same conclusion as the trial court.

It is contended that the finding and judgment were not within the issues.

In *Brooks v. Weik,* 114 Kan. 402, 219 Pac. 528, where the court was considering the question of the sufficiency of pleadings, it was said:

"Ordinarily, it is enough fairly to inform the defendant what the suit is

about, and even.if inconsistencies appear, they are not fatal if, on any theory, the plaintiff states a cause of action. Whether or not the petition is technically good becomes less material after a full trial on the merits in which the subject of controversy has been thoroughly investigated." (p. 408.)

The case having been fully tried on its merits, we are of opinion that the pleadings sufficiently presented the issues. The conclusions stated make it unnecessary to pass upon other questions raised in the briefs.

The judgment is affirmed.