No. 27,271.

The Grenola State Bank, *Appellee*, v. (C. E. Lynam et al.)
Lewis Kyser, *Appellant*.

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Liability of Indorser—Sufficiency of Evidence*. In an action to recover on a promissory note, the evidence considered and held sufficient to warrant direction of a verdict and judgment for plaintiff.

2. SAME—*Immaterial Variance Between Pleading and Proof*. The pleadings considered in connection with the evidence and held a variance between the allegation of plaintiff's petition and proof in support thereof resulted in no prejudice to defendant and was not sufficient to defeat recovery.

3. SAME—*Generally*. Various alleged errors considered and held not to require a reversal.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed April 9, 1927. Affirmed.

*Chester Stevens*, of Independence, and *C. B. Crawley*, of Howard, for the appellant.

*A. F. Sims*, of Howard, and *J. F. Deal*, of Grenola, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:  The action was one to recover on a promissory note. Plaintiff prevailed, and a defeated indorser appeals.

The facts are substantially these:  The Citizens State Bank of Grenola secured the rediscount of a considerable amount of paper by the Traders National Bank of Kansas City. The appealing defendant was cashier of the Citizens Bank. The transaction in this case was like others between the two banks. Lynam executed a note to Kyser bearing eight per cent interest. Kyser indorsed the note and rediscounted it to the Traders, the Traders receiving six per cent and the Citizens Bank two per cent. The note was dated April 29, 1924, due July 29, 1924, for $3,468. It was secured by a chattel mortgage on certain live stock, and was a renewal of a former note. After execution of the note and before its due date, the Citizens Bank went out of business and its assets were absorbed by the plaintiff, the Grenola State Bank. Kyser was then employed by the Grenola State Bank to work in various capacities under the title of assistant cashier. Before the note was due, it was trans-

Bills and Notes, 8 C. J. pp. 968 n. 39, 1045 n. 90, 1060 n. 38; 21 R. C. L. 611.

mitted for collection by the Traders to the Grenola State Bank. The Grenola Bank executed a draft and sent it in payment of the note. At the same time or just before, Lynam executed another renewal note to Kyser which was indorsed by Kyser and placed with the Grenola State Bank. The present action is to recover from Lynam and Kyser the proceeds of the last note.

Kyser's defense was, and his contention now is, that his original action in indorsing the note to the Traders Bank was for the Citizens State Bank of which he was cashier; that his liability was the liability of his bank; that the Citizens Bank and the Grenola State Bank were merged; that when he again took Lynam's renewal note and indorsed it, it was a bank transaction; that the Grenola State Bank practically was standing in the shoes of the Citizens Bank; that, therefore, it was a bank obligation for the Grenola State Bank and that it could not recover from him. On the other hand, the plaintiff contends that while it purchased the assets of the Citizens Bank, there was not a merger of the two banks in that sense of the term, and that when the note originally indorsed by Kyser was transmitted by the Traders National Bank to it and it sent its draft in payment thereof and took a renewal of the note from Lynam, indorsed by Kyser, plaintiff stood in the shoes of the Traders Bank; that Kyser in indorsing the renewal assumed the same liability on the renewal note as on the original.

We are of the opinion that Kyser's liability as an indorser on the original note to the Traders National Bank was extended to the later renewal note; that so far as Kyser's liability was concerned, the same status existed when the renewal was executed as before, and that the plaintiff, by taking up the note from the Traders Bank, necessarily depended upon the same security and occupied the same position as the Traders Bank. We find nothing in the record to indicate that the plaintiff assumed the liability of Kyser or the Citizens Bank on the note due July 29. It is apparent that when Kyser signed the note now in controversy he understood his liability thereon to be the same as before.

"Q. In other words, whoever owned that note, when it was renewed, would want the same security on it that was on the original note? A. Yes, sir.

"Q. And for that purpose you signed the note? A. Yes, sir."

It is contended that the evidence adduced did not warrant a recovery by plaintiff under the allegations of its petition; that the specific allegations of the petition were unsupported by any evi-

dence. Technicalities of pleading are becoming less important in the progress towards simpler forms of procedure.

"Ordinarily, it is enough fairly to inform the defendant what the suit is about, and even if inconsistencies appear, they are not fatal, if, on any theory, the plaintiff states a cause of action. Whether or not the petition is technically good becomes less material after a full trial on the merits in which the subject of controversy has been thoroughly investigated." (*Brooks v. Weik*, 114 Kan. 402, 408, 219 Pac. 528.)

We are of the opinion that the variance between plaintiff's allegations and its proof resulted in no prejudice to the defendant and was not sufficient to defeat recovery.

Various other contentions of the defendant need not be detailed. They indicate unusual resourcefulness and painstaking efforts of counsel for a client and make it clear beyond question that the subject of controversy here has been investigated in every phase. They have all been considered but cannot be sustained.

The judgment is affirmed.