No. 27,637.

WALTER J. TROUSDALE et al., *Appellees*, v. M. R. AMERMAN et al., *Appellants*.

(261 Pac. 826.)

SYLLABUS BY THE COURT.

1. CONTRACTS—*Implied Contracts—Conversion of Bonds—Sufficiency of Pleading and Evidence—New Trial.* The proceedings considered in an action to recover for the conversion of certain bonds, and *held:* (*a*) The petition sufficiently stated a cause of action on an implied contract; (*b*) the evidence was sufficient to sustain the verdict; (*c*) it was not error to overrule the motion for new trial.

2. PLEADING—*Sufficiency Generally.* Ordinarily it is enough fairly to inform the defendant what the suit is about; and even if inconsistencies appear they are not fatal if on any theory the plaintiff states a cause of action; and whether or not the petition is technically good becomes less material after a full trial on the merits in which the subject of the controversy has been thoroughly investigated. (Following *Brooks v. Weik,* 114 Kan. 402, 219 Pac. 528.)

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 10, 1927. Affirmed.

*Lew E. Clogston, Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston, Lester L. Morris, A. V. Roberts, Benjamin F. Hegler* and *Harry G. Carlson,* all of Wichita, for the appellants.

*R. L. NeSmith,* of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover for the conversion of certain bonds issued by the Arctic Ice and Refrigerating Company. Plaintiffs prevailed and defendants appeal.

Very briefly and in substance the facts are these: The Arctic Ice and Refrigerating Company was in financial difficulties. Its stock was owned by the Trousdale family, including Lillian Trousdale Phillips, and Charles Phillips, one of the defendants. The com-

Actions, 1 C. J. pp. 1015 n. 32, 1016 n. 46, 1019 n. 15. Contracts, 13 C. J. pp. 715 n. 81, 775 n. 91. New Trial, 29 Cyc. pp. 886 n. 5, 889 n. 56. Pleading, 31 Cyc. pp. 84 n. 29, 101 n. 95, 608 n. 51, 666 n. 15 new.

pany had outstanding the bonds in controversy, which were owned by the Trousdales. Phillips filed a schedule in bankruptcy for the company showing its liabilities to be $113,500. Sale of the company's property was arranged to be made to certain men who termed themselves "the bunch" and who organized The Kansas Ice and Refrigerating Company, capitalized at $200,000. Walter Trousdale, plaintiff herein, was one of "the bunch." The sales contract provided that the new company would pay $113,500 of the debts of the old company and issue to Lillian Trousdale Phillips, $86,500 of the new company's preferred stock. After the new organization was completed, it appeared that the old company owed $18,500 in addition to the $113,500 listed by Phillips. The question of disposing of this additional indebtedness was discussed at various meetings of "the bunch." There was a question as to whether or not the bonds now in controversy should be given as collateral to protect the new company against the excess debts. Eventually the stock of the second company was sold to the defendant, Amerman, and his associates. Amerman paid certain obligations assumed by him. The bonds in question remained in the American State Bank, where they had been deposited by plaintiffs for safe-keeping. In 1922, the defendant, Phillips, replevied the bonds from the bank, Amerman signing the replevin bond. The bonds were delivered up to the defendants and canceled. The plaintiffs later learned of the replevin action and filed an interplea therein, claiming to own the bonds in controversy. The action was dismissed by the plaintiff (defendant Phillips), following which the plaintiffs brought this action to recover the value of the bonds, they having been canceled. Trial was had and plaintiffs recovered.

The defendant, Amerman, contends that a motion for judgment on the opening statement filed by him should have been sustained because the petition stated a cause of action in tort which was barred by the statute of limitations. He argues ably and energetically that plaintiffs, having adopted the theory that the action was one in tort, were bound thereby; that if the action be treated as one on the case, the tort being waived, that the proof was insufficient to make out a case.

The petition alleged substantially that defendant Phillips, plaintiff in the replevin action, on May 17, 1921, was a joint owner and in possession of the bonds, and deposited them in the American State

Bank for safe-keeping; that the bonds remained in the bank until about August 2, 1922, when the defendants, without the knowledge and consent of the plaintiffs, through a replevin action seized and took possession of the bonds; that they are of the value of $11,100; that on May 6, 1925, the defendant Phillips, plaintiff in the replevin action, dismissed the replevin action with prejudice; that the defendants took possession of the property of the plaintiffs, and are indebted to the plaintiffs in the sum of $11,100 with interest, etc.; that defendants have been absent from the state of Kansas for some eighteen months since August 2, 1922, wherefore they prayed recovery. Motions were made to make the petition more definite and certain, pending the hearing of which the petition was amended by interlineation in respects which need not be discussed. Answers and replies were filed and the case tried out. The evidence was sufficient to sustain the verdict. The trial court, in passing upon a motion for new trial, filed a written opinion, stating among other things:

"The motion for judgment on the pleadings and the motion for a new trial are overruled. The motion for judgment for the defendants is based on the theory that the petition does not state a cause of action on an implied contract. The petition is not as complete and clear by any means as it should be, and although this is a very close question I believe that the petition states a cause of action on an implied contract. The two saving features about the petition are: First, that it used the word 'indebted,' and states that the defendants are indebted to the plaintiff in a certain sum; second, that the petition does not ask for damages as would be the case in an action founded on tort, but does ask for the amount of the bonds."

We are of opinion the trial court committed no error in overruling defendant's motion leveled at the petition.

"Ordinarily it is enough fairly to inform the defendant what the suit is about, and even if inconsistencies appear they are not fatal if, on any theory, the plaintiff states a cause of action. Whether or not the petition is technically good becomes less material after a full trial on the merits in which the subject of controversy has been thoroughly investigated." (*Brooks v. Weik,* 114 Kan. 402, 408, 219 Pac. 528. See, also, *Arcadia Valley Ass'n v. Grovier-Starr Produce Co.,* 120 Kan. 19, 242 Pac. 119; *Schroyer v. Ruffhead,* 122 Kan. 767, 253 Pac. 414; *Grenola State Bank v. Lynam,* 123 Kan. 275, 255 Pac. 44.)

It is argued with much earnestness that a new trial should have been granted because of newly discovered evidence. What was stated on this point in the trial court's written opinion sufficiently disposes of the contention. The court said:

Trousdale v. Amerman.

"The motion for a new trial is based principally on the claim of newly discovered evidence. Mr. Johns testified on the hearing of the motion for a new trial as to a certain contract that was made between Phillips, Trousdale and himself, by which, when certain claims were settled, Trousdale would cancel the bonds and take preferred stock for what cash he had in them and release all his interest in preferred stock to Mrs. Lillian Phillips. There was no evidence produced on the trial to show that Johns and Phillips ever complied with their part of this contract and offered to deliver the preferred stock to Trousdale. If Johns and Phillips did not comply with their contract they cannot complain that Trousdale did not comply with his part of it. . . .

"This action was set for trial several times, and the defendant, Charles Phillips, knew, or ought to have known, that it was set for trial, and did not try to keep informed as to when the case would be tried.

"I want the journal entry overruling the motion for new trial to show, as stated above, that the evidence does not show that Johns fulfilled his part of the contract with Trousdale by offering to give him the preferred stock, and that Phillips was indifferent about the assignment of the case for trial."

Various other contentions are made which, however, go to the question as to whether the petition stated an action in tort and that defendants were misled by the attitude and theory of the plaintiffs as to their right of recovery. No prejudice is shown, and what has been said with reference to the petition stating a cause of action sufficiently disposes of these contentions. A contention that the court misdirected the jury cannot be sustained. We find no error which would warrant a reversal.

The judgment is affirmed.