37 651<br>37 657<br>37 651<br>46 130

## A. D. KROUSE v. PRATT & ELLIS.

1. JUSTICES OF THE PEACE; *Pleadings, How Viewed.* Pleadings in actions before justices of the peace are not to be viewed with great strictness, and mere technical objections, founded on a strict construction of a bill of particulars, may be disregarded.

2. RULING, *When Reversed.* This court will not reverse the ruling of a district court refusing to allow an amended answer to be filed, without an affirmative showing that the ruling was an abuse of judicial discretion.

*Error from Hamilton District Court.*

THE opinion states the case. Trial before S. M. T., judge *pro tem.*, and judgment on June 1, 1886, for plaintiffs, *Pratt & Ellis*, for $85 debt, and costs. The defendant *Krouse* brings the case to this court.

*George Getty*, and *A. H. Howell*, for plaintiff in error.
*McKinlay & Higgins*, for defendants in error.

Opinion by SIMPSON, C.: This action was commenced before a justice of the peace by the defendants in error, to recover the sum of $85, claimed to be due them as commission on the sale of real estate placed in their hands for sale, as real estate agents, by Krouse, the owner. They sold to one Downs, but the plaintiff in error made a deed of the property to one Johnson, who the bill of particulars alleged took the title for Downs, and this was done to escape the payment of the commission. The bill of particulars of the defendants in error was verified by the affidavit of one of the parties, as required by § 1, chapter 60, Laws of 1886. The plaintiff in error appeared in the justice's court, filed a demurrer on the ground that the bill of particulars did not state facts sufficient to constitute a cause of action; and that being overruled, filed an answer and went to trial. There was a judgment for the defendants in error, and the plaintiff in error appealed to the district court. In that court the plaintiff in error insisted on his demurrer, and when it was overruled asked leave to filed an amended answer, while the defendants in error had interposed a motion for judgment for want of answer. The court refused to allow the amendment to the answer, and gave the defendants in error judgment. The errors complained of here are, the action of the court in overruling the demurrer, and refusing the amendment. We have no doubt of the correctness of the ruling on the demurrer. The bill of particulars stated a cause of action independently of the fact whether a partnership existed or not. As a matter of fact, it was plainly stated in the caption,

and necessarily inferable from the allegations in the body of the pleadings, that Pratt & Ellis were partners; and we are not disposed to view proceedings before justices of the peace with too much strictness. The demurrer was entirely technical in its theory and application, and it was not error to overrule it. The plaintiff in error seeks to reverse the case because of the ruling on the application to file an amended answer. To do so, he must show that there has been an abuse of that wise discretion which the law-making power of the state vests in the district courts. It might appear to us at this distance that the amendment was one that ought reasonably to have been made, and yet there was no application for it in the justice's court before trial, nor are we presented with any reason for it in the record. The course of the plaintiff below may have been such as to impress the district court with the belief that it was made for delay, and not because the party making it had a meritorious defense; yet there is no showing here in the record that it was in the interest of substantial justice. To authorize us to reverse a judgment of that court because an amended answer was not allowed to be filed, there must be such a showing as produces a reasonable conviction that there was an abuse of judicial discretion. There is not in this record a single reason given, a single fact averred, any explanation afforded, why judicial discretion was abused by the ruling of the court. It is said that the court erred in giving judgment on the pleadings. It may be said in reply to this, that in the state of the pleadings at the time the judgment was rendered, the amended answer not being authorized to be filed, there was nothing else to do but to render judgment on the verified bill of particulars, for the amount therein claimed, with costs. (See Code, § 108, as amended by § 1, chapter 61, Laws of 1886.)

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.