## WILLIAM PATE v. C. D. FITZHUGH.

1. BILL OF PARTICULARS — *When Sufficient.*  A bill of particulars is not subject to the same degree of strictness as a pleading filed in a court of record.  It is sufficient, if all of the material facts are so stated as to apprise the opposite party of the nature of the demand against him.

2. ———— *Harmless Error.*  The admission or exclusion of evidence, which does not amount to prejudicial error, is not sufficient cause for a reversal of a judgment otherwise supported by evidence.

3. - ————— *Verdict, Not Excessive.*  The evidence examined, and found that the verdict of the jury is not excessive.

*Error from Finney District Court.*

THE opinion states the case.

*Brown, Bierer & Cotteral,* for plaintiff in error.

Opinion by GREEN, C.: This was an action to recover a commission as a real-estate agent, by C. D. Fitzhugh, against William Pate, brought originally in a justice's court, and appealed to the district court of Finney county, where the same was tried before a jury, and resulted in a verdict and judgment for the plaintiff for the sum of $75.   The plaintiff in error asks a reversal of this judgment, upon the grounds — (1) that the plaintiff's bill of particulars did not state facts sufficient to constitute a cause of action; (2) that the court erred in excluding certain evidence; (3) in admitting certain statements as to what the purchaser of the real estate said; and (4) that the damages recovered were excessive.

The bill of particulars is sufficient. It alleged an indebtedness; that the defendant employed the plaintiff to solicit a customer to purchase a certain quarter-section of land in Finney county; that defendant agreed to pay 5 per cent., or the customary commission for selling land; that he secured a customer, who purchased the land for $2,000; and that the defendant refused to pay the plaintiff. These statements were followed with an allegation that there was due the plaintiff on the sale, $100. We think the bill of particulars stated a good cause of action. Pleadings in actions before justices of the peace are not to be viewed with great strictness, and mere technical objections should be disregarded. (*Krouse v. Pratt,* 37 Kas. 651; *M. K. & T. Rly. Co. v. Brown,* 14 id. 557; *Lobenstein v. McGraw,* 11 id. 645.)

The ruling of the court upon the admission of certain evidence, and admitting statements that the purchaser of the land made, was immaterial error. The statement that Gove, the purchaser, had bought or traded for the land, was admitted by Pate in his own evidence; and this statement made to the plaintiff became immaterial, as it did not materially prejudice the rights of the defendant, and should not cause a reversal of the case. (*Chellis v. Coble,* 37 Kas. 558.)

The last error complained of is, that the damages were excessive. The evidence of other real-estate agents was to the effect that 5 per cent. upon the first $1,000 and $2\frac{1}{2}$ per cent. upon sums over $1,000, was the usual commission. There was some evidence that the plaintiff demanded only $10, but the plaintiff's explanation of this was that it was an offer made by way of a compromise. The jury fairly passed upon the evidence and returned a verdict for $75, and there was evidence to support it.

The judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.