THOMAS J. CURRY v. AUGUST L. JANICKE *et al.*

VACATING JUDGMENT — *Notice of Pleading.* When a party has been properly served with summons, he is in court for every purpose connected with the action, and must take notice of an answer and cross-petition filed by a defendant who was made a party to the action after the answer-day named in the summons. (*Kimball v. Connor*, 3 Kas. 414, followed.)

*Error from Marion District Court.*

THE opinion states the case.

*Stambaugh, Hurd & Dewey*, for plaintiff in error.

*King & Kelley*, for defendants in error.

Opinion by GREEN, C.: On the 19th day of January, 1888, Thomas H. Stone commenced an action against the defendants in error and S. B. Warren, sole surviving partner and administrator of the partnership estate of Warren & Harrison, in the district court of Marion county, to foreclose a mortgage. Summons was personally served upon the defendants, and they were required to answer the plaintiff's petition on or

before the 20th day of February, 1888. On the 9th day of March, 1888, Thomas J. Curry, who held a third mortgage upon the real estate covered by the plaintiff's mortgage, made application to the district court to be made a party defendant; and was given permission to file an answer and cross-petition setting up his mortgage, which was done. The plaintiff and the defendant Warren each filed a reply to the answer and cross-petition of Curry. On the 8th day of April, 1888, a judgment was duly entered, and a finding made that the defendants in error had been duly and personally served with summons; that the plaintiff had a first lien upon the mortgaged premises; that the defendant Warren had a second lien; and that the plaintiff in error had a third lien; and the court ordered the premises sold to satisfy the several judgments and costs according to priority. On the 24th day of July, 1889, the defendants in error filed a motion to set aside the findings, decree and judgment in favor of the plaintiff in error, for the following reasons: (1) That the court had no jurisdiction; (2) that the summons did not show Curry to be a party; (3) because Curry was made a party by the court after answer-day; (4) because the judgment in favor of Curry was void; (5) because of irregularity in obtaining the judgment. The court sustained the motion, and made an order vacating the findings and judgment in favor of Curry, and directed the return of an execution which had been issued thereon. This ruling of the court is assigned as error.

This court said over 25 years ago, that when the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken. (*Kimball v. Connor,* 3 Kas. 414.) This practice has been followed since 1866 in this state, and we do not think the rule should be disturbed now. It is recommended that the order of the district court, setting aside and vacating the judgment for the sum of $1,046, rendered on the 9th day of April, 1888, in favor of the plaintiff in error and against the defendants in error, be reversed, and that the case be remanded with instructions to the district

court to overrule the motion to set aside the findings, decree and judgment in favor of the plaintiff in error.

By the Court: It is so ordered.

All the Justices concurring.