J. W. LAWSON *et al.* v. ELIZA A. RUSH *et al.*

No. 16,033.

CROSS-PETITION — *Summons Not Necessary.* The rule applied that a new summons need not be issued upon a cross-petition.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed May 8, 1909. Affirmed.

*W. W. Hooper,* for the plaintiffs in error.

*W. B. Brownell, J. H. Mitchell,* and *A. E. Dempsey,* for the defendants in error.

Lawson v. Rush.

*Per Curiam:* There is no merit in the contentions of the plaintiffs in error. They were served with summons in the foreclosure proceeding, entered their appearance, and filed dilatory motions which prevented the action from being tried at the October term. The motions were then withdrawn and permission was obtained to answer within twenty days, but no answer was filed. A further extension of twenty days was granted to answer, "without prejudice to a trial at the January term." At this time one of their codefendants had already filed a cross-petition asking for the foreclosure of a second mortgage. No answer or further appearance was made until six weeks after the judgment was entered, when motions were filed asking the court to set aside the judgment for irregularity.

The case was regularly set for trial at the January term and was regularly tried. A summons on the cross-petition was not necessary. The original summons brought the defendants into court for every purpose connected with the case, and they were bound to take notice of all the proceedings that followed. (*Kimball and others v. Connor, Starks and others,* 3 Kan. 414; *Curry v. Janicke,* 48 Kan. 168; *Jones v. Standiferd,* 69 Kan. 513, 517.)

The record shows nothing irregular in the proceedings, and discloses such a lack of diligence on the part of the plaintiffs in error as fully to justify the court in refusing to set aside the judgment. Affirmed.