FETZER & CO., a *Partnership, etc.,* v. F. N. WILLIAMS.

No. 16,108.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Inconsistent Allegations—Demurrer.* A party can not rely at the same time on inconsistent defenses, but inconsistent allegations do not render a pleading demurrable.

2. —— *Amendment—Election of Remedies.* No violation of the rule that the adoption of one of two inconsistent remedies irrevocably bars a resort to the other is shown by a journal entry which describes a proceeding as the allowance by the court of a change of election between inconsistent remedies, where it appears that what actually took place was that a party was permitted, immediately after amending his pleading so that it declared that prior to the commencement of the action he had adopted one of two repugnant theories, to change the amendment so as to make it allege the adoption of the other theory.

Error from Smith district court; RICHARD M. PICK-LER, judge. Opinion filed July 3, 1909. Affirmed.

*W. R. Mitchell,* for the plaintiffs in error.

*L. C. Uhl,* and *L. C. Uhl, jr.,* for the defendant in error.

The opinion of the court was delivered by

MASON, J.: Fetzer & Co. brought action against F. N. Williams, June 2, 1906, to recover the unpaid portion of the agreed purchase-price of some farm machinery. In defense he asserted that he had been damaged by a breach of warranty in a larger amount than the sum sued for. His contention was sustained and he recovered a judgment, from which the plaintiffs prosecute error.

The answer was attacked by general demurrer, by motion for a judgment on the pleadings, and by objection to the introduction of evidence, on the ground that some of its averments were based on the theory that the defendant had rescinded the contract of pur-

·chase and were necessarily inconsistent with others which assumed that he had chosen to affirm it. Inconsistency in the allegations of a pleading, however, is not a defect which can be reached by demurrer (*Munn v. Taulman,* 1 Kan. 254; *Crans v. Francis, Treas., &c.,* 24 Kan. 750, 754), much less by either of the other methods indicated. The further contention is made that the answer failed to state a defense on the rescission theory because it did not allege a return of the property or an offer to return it, and failed to state one on any other theory because all the items of damage alleged were such as could be recovered only upon a disaffirmance of the contract. The pleading did state in substance, however, that the machinery, although warranted to do efficiently the work for which it was intended, proved worthless and unfit for that purpose, and these allegations alone rendered an attack by demurrer futile.

The trial court refused to strike from the answer allegations as to the purpose for which the machinery was purchased. As this purpose was stated to be the same for which the machinery was intended, the error in this respect, if any, was immaterial. A request to strike out various items of damage was also denied, but as the jury were afterward directed to disregard them no prejudice resulted from this ruling.

The most serious question presented relates to proceedings which are thus described in the journal entry:

"The plaintiffs . . . made a motion to require the defendant to elect as to whether he affirms the contract and stands on the warranty or rescinds the contract and prosecutes his action as one for damages, and the court . . . sustained said motion and required the defendant to make his election. And the defendant then elected to proceed as for a rescission of the contract, and amended his amended answer . . . by writing therein . . . the words 'defendant now and has ever since October, 1905, disaffirmed said contract.' . . . And thereupon and immediately, and before any further proceedings were

had, the defendant asked that he be allowed to change his election, and the change of election was allowed by the court and the defendant elected to affirm the contract and stand on the warranty, and asked to amend his amended answer by striking out all allegations in said amended answer alleging a rescission of the contract and by inserting the following amendment therein: 'Defendant is now and has ever since October, 1905, and before, affirmed said contract.' "

The plaintiffs assert and the defendant denies that these proceedings show a violation of the rule that "the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy." (7 Encyc. Pl. & Pr. 364.) If the conduct of the defendant described in the entry must be taken to have been literally and exactly just what it is there called—an election to rescind the contract—the case would fall within at least the letter of the rule as stated. But the matter must be determined by what the defendant really did—not by the name given to his action in the record made of it. A stage was not reached in the progress of the trial where it was a function of the court in so many words to require the defendant to elect to affirm or disaffirm the contract sued upon by the plaintiffs. He was supposed to have done that before answering. But as his pleading did not make clear which course he had chosen, it was proper that before trial the issues should be more clearly defined. The motion made by the plaintiffs and sustained by the court necessarily had reference to the settlement of the pleadings—that was the matter under consideration. It must be interpreted either as a motion to require the defendant to elect to rely upon one or the other of two inconsistent portions of the answer, or a motion to make the answer definite and certain by so amending it as to indicate plainly which of two inconsistent theories it was intended to present. What was actually done by the

defendant under the order of the court was to amend his answer by making certain changes, the important one being the addition of an averment that ever since a certain date prior to the commencement of the action he had disaffirmed the contract. True, this change indicated a purpose to stand upon the theory of disaffirmance, but it did not constitute in itself an election —the words added recited that an election had been made long before. What the court then did was not to allow an actual change of election between inconsistent remedies, but to allow a change in the form of expression by which the defendant undertook to declare what choice he had previously made. Inconsistency in pleading is not tolerated, but this does not mean that a party who has by inadvertence or mistake pleaded the existence of a fact may not thereafter by consent of the court make an amendment denying it or asserting the contrary, and that is all that the record quoted necessarily shows to have taken place in this case.

As already indicated, the answer showed some mingling of inconsistent theories. The defendant, upon the strength of an expression from section 722 of the third edition of Pomeroy's Code Remedies, quoted but not acted upon in *De Lissa v. Coal Co.*, 59 Kan. 319, suggests that an objection to defenses in an answer upon the ground of their inconsistency can never be sustained. There is an apparent conflict in the authorities on this question. (1 Encyc. Pl. & Pr. 855, 856; 31 Cyc. 148.) Many of the cases cited, however, in reality merely decide that the particular defenses under consideration were not in fact inconsistent. The seeming difference of opinion is also in part accounted for by the fact that some of the courts apply the term "inconsistent" to defenses which are not so in fact. The decisions are elaborately reviewed in *Seattle National Bank v. Carter*, 13 Wash. 281, and in a note thereto in 48 L. R. A. 177. This court has long

been committed to the proposition that a general de-nial is regarded as modified by admissions made in. stating a special defense, which is only an application of the broader principle that every pleading must be: consistent with itself. (*Albert Wiley v. Keokuk*, 6 Kan.. 94; *Butler v. Kaulback*, 8 Kan. 668.) The plaintiffs. had a right to require all inconsistency to be elimi-nated from the answer, but as they made no attack upon it except in the manner already stated, and as. the cause was finally submitted to the jury distinctly upon the theory of an affirmance of the contract, no. ground for a reversal of the judgment is shown.

Other questions are raised based upon the claim that the verdict was not supported by the evidence.. We do not think, however, that there was an entire lack of evidence upon any point essential to a recovery by the defendant. The judgment is affirmed.