No. 37,632

ALICE FOWLER, *Appellee*, v. LAWRENCE B. MOHL and COMMERCIAL STANDARD INSURANCE COMPANY, *Appellants*.

(214 P. 2d 301)

Opinion filed January 28, 1950.

*Benedict P. Cruise,* of Hays, argued the cause, and *Delmas L. Haney,* of

Hays, and *Richard M. Driscoll* and *Jerry E. Driscoll,* both of Russell, were with him on the briefs for the appellants.

*Harold W. McCombs,* of Russell, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: This action was brought under the wrongful death statute (G. S. 1945 Supp. 60-3203) by a widow seeking to recover for herself and minor children for the death of the husband and father. Defendants bring the case here on appeal from the order of the trial court overruling their motion to strike plaintiff's amended petition from the files and their demurrer to plaintiff's amended petition.

The amended petition alleges that on the night of November 26, 1946, the decedent's car collided with a house which was being moved along the highway by the defendant Mohl, one of the appellants here. Commercial Standard Insurance Company, the other defendant and appellant, carried the liability insurance upon Mohl's house-moving equipment which Mohl operated under a contract carrier's permit issued by the state corporation commission. It is further alleged that the house being moved was twenty-four feet five inches wide and the highway was twenty-three feet wide; that defendant's truck, dollies and the house thereon blocked the entire highway and the shoulders thereof; that decedent's car crashed into said truck, dollies and house as a direct and proximate result of the negligence of defendant and his agents, representatives and employees. Specific acts of negligence on the part of the defendant were then alleged, nine of them in all, including:

"5. In suddenly flashing a spot-light, located on the defendant's truck, directly across the windshield of the automobile then being driven and operated by the said Fred S. Fowler, thereby suddenly blinding the said Fred S. Fowler and making it impossible for him to see objects in front of him."

On January 20, 1948, the separate demurrers of the defendants to plaintiff's amended petition were sustained. The journal entry does not indicate the specific reason, but counsel advise us that the trial court sustained the demurrers to the petition on January 20, 1948, because paragraph 5 quoted above affirmatively showed that deceased was guilty of such contributory negligence as would bar plaintiff's recovery.

On April 14, 1948, and still within the January, 1948, term of the Russell county district court, plaintiff asked and obtained leave of court to amend her petition. The amendment was made instanter

by interlineation by adding additional language to paragraph 5 so that said paragraph then read as follows:

"5. In suddenly flashing a spot-light, located on the defendant's truck, directly across the windshield of the automobile then being driven and operated by the said Fred S. Fowler, thereby suddenly blinding the said Fred S. Fowler and making it impossible for him to see objects in front of him *at a time when the said Fred S. Fowler was too close to the truck and house upon said highway to permit him to avoid a collision, the exact distance from said truck and house being now unknown to plaintiff.*" (Portion added by April 14th amendment italicized.)

Defendants objected to the amendments thus made on April 14, 1948, but were overruled and were granted twenty days to further plead to plaintiff's petition as amended. On May 5, 1948, defendants filed their motion to strike plaintiff's amended petition (as amended and filed on April 14, 1948), which motion set forth the following grounds:

"1. That on the 20th day of January, 1948, the court rendered a judgment in said cause wherein the court sustained the defendants' demurrers to plaintiff's second amended petition.

"2. That at said time, the plaintiff made no request of the court for leave to file an amended petition in said cause, and plaintiff did not file an amended petition within any time fixed or allowed by the court, or even ask for an extension of time, and did not appeal from the judgment of the court sustaining such demurrers.

"3. That judgment rendered by the court at said time was a final judgment.

"4. That subsequent thereto and more than 60 days thereafter, the plaintiff asked leave of the court in said cause for permission to file a third amended petition, which permission, over objection of the defendants, was by the court granted, and plaintiff thereupon filed her third amended petition in said cause.

"That, by reason of all the above and foregoing, the judgment of the court in said cause sustaining defendants' demurrers has become and is a final judgment in said cause, and that all of the matters and things therein contained are now *res adjudicata.*"

The motion to strike the amended petition was overruled on November 9, 1948, and the defendants were given twenty days to further plead. On November 29, 1948, defendants filed their joint and separate demurrers to said amended petition, stating as grounds therefor:

"1. That the court has no jurisdiction of the persons of the defendants or the subject of this action.

"2. That several causes of action are improperly joined.

"3. That the petition does not state facts sufficient to constitute a cause of action.

"4. That on the 20th day of January, 1948, the court rendered a judg-

ment in said cause wherein the court sustained the defendants' demurrers to plaintiff's second amended petition; and that at said time, the plaintiff made no request of the court for leave to file an amended petition in said cause, and plaintiff did not file an amended petition within any time fixed or allowed by the court nor did the plaintiff ask for an extension of time in which to file an amended petition; nor did plaintiff appeal from the judgment of the court sustaining such demurrers.

"That the judgment rendered by the court at said time was a final judgment; that subsequent thereto and more than 60 days thereafter, the plaintiff asked leave of the court in said cause for permission to file a third amended petition which permission, over objection of the defendants, was by the court granted; and plaintiff thereupon filed her third amended petition in said cause.

"That by reason of all of the above and foregoing the judgment of the court in said cause sustaining defendants' demurrers has become, and is, a final judgment; and that all of the matters and things in plaintiff's amended petition as of April 14, 1948, are now *res adjudicata*."

On December 16, 1948, the last mentioned demurrer to said amended petition was overruled and on January 5, 1949, defendants perfected their appeal, both from the November 9, 1948, order of the trial court overruling their motion to strike plaintiff's amended petition, and the December 16, 1948, order overruling their demurrer to said petition.

Let us consider appellants' first specification of error—the overruling of their motion to dismiss the amended petition as it was further and finally amended on April 14. By this motion the right of the trial court to reconsider its ruling on a demurrer to a petition and to modify that ruling or permit an amendment within the same term was challenged. The trial court has some discretion in such matters. G. S. 1935, 60-761, provides:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court or judge in its discretion shall direct."

Perhaps not conclusive, but of some interest, is the fact that the trial court was called upon to permit an amendment to a petition within the period of limitation during which a new action could have been commenced by plaintiff (*Penquite v. General Accident & Life Ass'n*, 126 Kan. 511 [Syl. ¶ 1], 268 Pac. 851). Furthermore, although the record does not so indicate, the trial court may have concluded that it erred in previously sustaining a demurrer to the petition and sought to correct his error by his action on April 14. It is essential that district courts have such power within the term. Then, too, the trial court was no doubt familiar with the rule that

courts will whenever possible favor rulings that will allow cases to be disposed of on their merits, and when plaintiff offered an amendment which fortified the petition as against demurrer, the trial judge exercised his sound discretion within the purview and purpose of section 60-761. Whatever his reasons for exercising his discretion as he did here, the trial judge had absolute power over the judgment rendered during the term (*Kansas City P. & L. Co. v. City of Elkhart,* 139 Kan. 374, 31 P. 2d 62; *Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124). We conclude it was not error for the trial court to permit an amendment to a petition to which a demurrer had been sustained nearly three months previously and within the same term. The sustaining of the demurrer in January did not render plaintiff's cause *res adjudicata* so as to preclude the amendment of April 14. In *Burris v. Burris,* 140 Kan. 208, 34 P. 2d 127, we said:

"Where a demurrer is sustained to a petition for want of a material allegation, it will not prevent a subsequent judgment in the same cause or the maintenance of a new suit on the same cause of action, the material amendment being supplied either in an amended petition or in a newly filed petition." (Syl. ¶ 5.)

See, also, *Penquite v. General Accident & Life Ass'n,* supra. We have examined the cases cited by appellants upon this question, but conclude that those cases are either not in point with the issue before us, or they are not in conflict with our disposition of it. The trial court did not err in overruling the motion to strike from the files the amended petition as amended on April 14, 1948.

Appellants next assign as error the overruling of the demurrer to the amended petition as further amended on April 14. The only additional argument made under this specification of error is that paragraph 5 of the specific allegations of negligence affirmatively shows that deceased was guilty of contributory negligence as a matter of law, such as will preclude plaintiff's recovery. We have quoted this paragraph 5 in full above. While contributory negligence is an affirmative defense, it may, when brought into the case by plaintiff himself, defeat plaintiff's case upon demurrer to the evidence. Likewise, if plaintiff affirmatively alleges upon the face of his petition facts which clearly establish his own contributory negligence, the petition may be demurrable. But under our well-established rule as to the liberal interpretation and construction to be given a petition when challenged by demurrer, it cannot be said that the act of negligence set out in the fifth paragraph quoted above affirmatively established contributory negligence on the part of the

deceased such as will preclude plaintiff's recovery as a matter of law. Appellee argues, and with considerable merit, that this fifth allegation of negligence brings the case much in point with *Drennan v. Penn. Casualty Co.*, 162 Kan. 286, 289-290, 176 P. 2d 522, and *Towell v. Staley,* 161 Kan. 127, 166 P. 2d 699. The amended petition states a cause of action.

We find no error in the orders of the trial court overruling (*a*) the motion to strike plaintiff's amended petition from the files, or (*b*) the demurrer to the amended petition. The judgment is affirmed.