No. 39,025

The Long Bell Lumber Company, a Corporation, *Plaintiff*, v. Evelyn Johnson, Kertha Roberson and Mozella Roberson, husband and wife, T. V. Tankersley and Frank B. Marks, doing business as Kansas Coal & Material Co., Albert Butters and Lillian Butters, doing business as Butters Elec. Co., and C. A. Roberson, *Defendants*.

Evelyn Johnson, *Appellant*, v. Kertha Roberson and Mozella Roberson, *Appellees*.

(259 P. 2d 214)

Opinion filed July 6, 1953.

Z. *Wetmore*, of Wichita, argued the cause, and *Waldo B. Wetmore*, of Wichita, was with him on the briefs for the appellant.

*Otto J. Koerner*, of Wichita, argued the cause, and *Earl C. Moore* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action to foreclose a mechanic's lien. The appeal is from an order vacating and setting aside a default judgment in favor of a defendant on her cross-petition against two co-defendants. Due to the nature of the case and the questions involved it will be necessary to summarize the various pleadings in detail.

On September 27, 1948, plaintiff, The Long Bell Lumber Company, a corporation, filed the action, alleging that on the 24th day of November, 1947, and for a considerable time prior thereto, one of the defendants, Mozella Roberson, was the owner of the real property in question, but that subsequent to that date she had transferred the property to one Evelyn Johnson, another defendant, and that the latter is now the owner of and in possession of the property. It is further alleged that on or about June 30, 1947, plaintiff entered into a verbal contract with defendant Roberson whereby it was agreed that plaintiff should furnish and deliver building material for the construction of a dwelling house and other improvements situated on the described property; that under and by virtue of said agreement plaintiff furnished building material which was used in the construction, alteration and repair of the dwelling house and other improvements, all of which was delivered to defendant Roberson between June 30, 1947, and November 24, 1947, in the amount of $690.98; that an itemized account for the lumber and materials so furnished had been presented to defendant Roberson; that demand had been made on her and her successors in title for the payment thereof, but that they have failed and neglected to pay the balance due on the account, and that there is now due and owing from defendant Roberson the sum of $690.98, together with interest.

The petition alleges the filing of a mechanic's lien, a copy of which is attached.

It is further alleged that defendant Roberson, her husband Kertha, and the other named defendants, including Evelyn Johnson, all claim to have some right or interest in and to the described premises, but that such claims are junior, inferior and subject to plaintiff's claim to a lien upon the property. The prayer is for judgment against defendant Mozella Roberson for the sum of $690.98, with interest; that the judgment so rendered be declared to be a first lien

on the property and improvements; that upon default in payment of the judgment rendered an order of sale be directed to the sheriff; that the interests of all named defendants in and to the property be foreclosed; that the proceeds of sale be applied to the payment of plaintiff's judgment, interest and costs; that the court ascertain the respective rights and interests of the parties to the action, and for such other and further relief as may be equitable.

Summons to all defendants was issued the same day the action was filed, and was served on all defendants. The service on Mozella and Kertha Roberson was by leaving a copy thereof, with all endorsements, at their usual place of residence, on the next day. The endorsement on the summons was as follows:

"Suit brought for foreclosure of mechanics lien. Amount claimed $690.98, and 6% interest from 24 day of November, 1947, and the costs of this action."

The defendant, Kansas Coal & Material Co., filed an answer and cross-petition. The latter alleges in substance the former ownership of the property in question by defendant Mozella Roberson, the subsequent conveyance by her to defendant Evelyn Johnson, who is now the equitable owner and in possession of the property; that this cross-petitioning defendant had entered into a verbal agreement with the Robersons whereby it was agreed this defendant would furnish and deliver building material for the construction of a dwelling house and other improvements on the property; that pursuant to such agreement it did furnish such building material to the Robersons in the amount of $254.35, and that demand for the payment of such amount had been made on the Robersons and their successors in title but remains unpaid. It also alleges the filing of cross-petitioner's mechanic's lien statement and a copy of it is attached.

It is further alleged that all other defendants, and plaintiff, claim some right, title or interest in and to the premises, but that such claims are junior, inferior and subject to the claim of cross-petitioner for a lien upon the property and improvements. The prayer is for judgment against the defendants Roberson and their successors in title in the amount of $254.35, together with interest, for an order foreclosing cross-petitioner's lien, and for an order of sale in the event of default in the payment of such judgment.

Defendant Evelyn Johnson also filed an answer and cross-petition which in substance alleges:

That she is the owner and in possession of the described property by virtue of a written contract of sale under date of September 26, 1947, entered into by her with the Robersons; that Robersons

breached such contract of sale, and by false and fraudulent promises and representations induced her to pay to them the sum of $1,837.92. It is further alleged that the Robersons represented to her that all bills and indebtedness for labor and material had been paid in full to the ones who furnished the material and performed the labor in the construction of the dwelling house; that such representations were false and untrue; that because of such fraud and deceit on the part of Robersons she had been obliged to employ counsel to protect her interests; that the building has never been completed; that by reason of the inferior and defective quality of material and workmanship much of the work which had been done will have to be done over again with consequent waste of labor and material, and that additional sums will have to be expended in order to complete the building in accordance with the contract, all to her damage in the total sum of $2,500.

The prayer of her cross-petition is that plaintiff, and defendant Kansas Coal & Material Co., take nothing by virtue of their respective petition and cross-petition, that she have judgment against plaintiff, the other cross-petitioner, and all other parties to the action, quieting her title in and to the property, and that she have judgment against defendants Roberson for the sum of $2,500 and costs.

Defendants Mozella and Kertha Roberson filed no pleadings of any kind, made no appearance either in person or by counsel, and were in complete default.

On March 29, 1949, counsel for plaintiff filed a praecipe for an order placing the action upon the trial docket for trial.

On August 30, 1949, the matter came on regularly for trial. The journal entry of judgment under that date recites the appearance of plaintiff by counsel, of defendant Evelyn Johnson in person and by counsel, and of defendant Kansas Coal & Material Co., by counsel, and that all other defendants, including Mozella and Kertha Roberson, did not appear but wholly made default. Then follows a recital approving and confirming service of summons upon such defaulting defendants and a finding that they, including the Robersons, had made no appearance in the action and were in default for want of answer or other pleading. The journal entry of judgment then recites the fact of a settlement having been reached by the terms of which defendant Evelyn Johnson had agreed to pay to plaintiff the sum of $575 in settlement of its claim, and the sum of $200 to defendant Kansas Coal & Material Co., in settlement of

its claim. This is followed by a recital that after the introduction of evidence by defendant Evelyn Johnson under her cross-petition the court finds that she is entitled to recover from defendants Roberson the sum of $925 and costs.

Judgments were entered in favor of plaintiff and defendant Kansas Coal & Material Co., in the amounts of $575 and $200, respectively; they were decreed to be first and prior liens upon the property; a further judgment was rendered in favor of defendant Evelyn Johnson decreeing her to be the owner of the property; that the other defendants have no interest in or lien upon the same, and that she have and recover judgment against defendants Roberson in the sum of $925, and for costs.

Insofar as the record discloses, the terms of settlement between defendant Johnson and the plaintiff and other cross-petitioning defendant were carried out, and this appeal concerns only the judgment rendered in favor of defendant Johnson, on her cross-petition, against her co-defendants, the Robersons.

Executions on this judgment were issued in 1950 and 1952, all of which were returned unsatisfied.

On July 24, 1952, defendants Roberson filed a "motion to vacate void judgment" in which they sought an order vacating and setting aside the judgment against them in favor of their co-defendant Johnson on the grounds (1) they were not served with summons on the cross-petition or otherwise notified of the pendency thereof; (2) they made no appearance in the case and had no knowledge of the filing of the cross-petition against them by their co-defendant; (3) the cross-petition alleged breach of contract on their part and also prayed that title to the property in question be quieted in the cross-petitioner; and (4) cross-petitioner Johnson was awarded damages arising out of breach of contract concerning the property of which she was also declared to be the owner, which remedies are inconsistent, and that movants were not given an opportunity to defend themselves.

This motion was overruled, and on August 29, 1952, the Robersons filed their "amended motion to vacate void judgment" on four grounds—(1) they were not served with summons on the cross-petition as provided for in subsequent pleadings by G. S. 1949, 60-756, nor were they otherwise advised or notified of the pendency of the cross-petition; (2) they never entered an appearance and were not represented by counsel in the action; (3) they have a

meritorious defense to the action; and (4) that cross-petitioner Johnson was herself guilty of a breach of the written contract of purchase and therefore was not entitled to recover judgment against them. A copy of the contract of purchase was attached to this motion but for our purposes its contents need not be noted.

This amended motion to vacate the judgment on the ground it was void was sustained, and defendant Johnson has appealed from such ruling.

Summarized very briefly, we therefore have this situation: Plaintiff commenced an ordinary action to foreclose its mechanic's lien. The building material had been furnished to defendant Mozella Roberson, the former owner of the property. Evelyn Johnson, also named as a defendant, had succeeded defendant Roberson in ownership. Service of summons was had on all defendants, including Robersons. Another named defendant filed its answer and cross-petition setting out its mechanic's lien against the Robersons and prayed for judgment against them and their successors in title. Defendant Johnson filed her answer and cross-petition alleging breach of contract on the part of her co-defendants, the Robersons, concerning the purchase of and payment for materials used in the construction of the property, and prayed for judgment against them. The Johnson cross-petition directed against the Robersons was filed subsequent to the answer day in the summons served on them. No summons was issued on this cross-petition. The Robersons filed no pleading of any kind, did not appear in person or by counsel, and were completely in default. On the trial of the action a settlement was reached betwen defendant Johnson and the two parties who sought foreclosure of their mechanic's liens, and from the record it appears that she paid off those two claims and a judgment was rendered in her favor against the Robersons. As heretofore stated, this judgment was subsequently vacated and set aside, presumably on the ground it was void for the reason the court had no jurisdiction to render it.

The thread of the Robersons' argument in support of the order vacating the judgment is that while they were in default insofar as plaintiff's action against them was concerned, they are not to be considered in default as to defendant Johnson's cross-petition, and that as no summons thereon was served upon them the court was without jurisdiction to render the judgment, thus making it wholly void.

Appellant, defendant Johnson, argues that under the provisions of our statute dealing with foreclosure of a mechanic's lien, and particularly G. S. 1949, 60-1406 and 1409, all interested persons are proper and necessary parties to the action; that in such a case the court has full authority to adjudicate the respective rights and liabilities of all parties arising out of the controversy, and that the Robersons were in default as to all matters connected with the action.

Before proceeding to a discussion of the question presented it should be noted that the propriety and correctness of the judgment on its merits are not before us for review, and we are concerned only with the question whether it was void due to lack of jurisdiction over the subject matter and of the persons of the Robersons. Furthermore, there is no claim or contention by the Robersons that the provisions of G. S. 1949, 60-3007 and 3008, apply to the situation. The question really narrows down to whether the court, under the facts and circumstances, had jurisdiction to render the default judgment on the cross-petition in the absence of issuance and service of summons thereon, or notice otherwise, to the Robersons.

Authorities cited by counsel for the respective parties, a number of which are concerned with a general discussion of the rights and liabilities of parties to foreclosure of mechanic's lien cases, are found not to be of much help due to different factual situations. However, as a result of our independent research on the question, we are convinced that under the facts of this case the default judgment rendered in favor of defendant Johnson on her cross-petition against her co-defendants, the Robersons, was not void on the ground the court was without jurisdiction to render it in the absence of service of summons, or notice otherwise, of the cross-petition.

In the early case of *Kimball et al. v. Connor*, et al., 3 Kan. 414, the court had before it the question of the validity of a judgment rendered in favor of a cross-petitioning defendant against a co-defendant who was in default as to plaintiff's action. No summons was issued on the cross-petition. In answer to the judgment debtor's contention that the judgment thus rendered was void because he had received no notice of the cross-petition and had not been served with summons thereon, the court said:

"As to the issuance and service of a summons, there can be no difficulty. When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein." (p. 431.)

It was further held that such defaulting defendant, having been served with a summons to answer the petition, was bound to take notice of the answer or cross-petition subsequently filed by a co-defendant.

This rule was cited with approval in *Beecher v. Ireland,* 46 Kan. 97, 26 Pac. 448, although not applied due to a different factual situation.

The rule in the Kimball case was followed in *Curry v. Janicke,* 48 Kan. 168, 29 Pac. 319, where it was held:

"When a party has been properly served with summons, he is in court for every purpose connected with the action, and must take notice of an answer and cross-petition filed by a defendant who was made a party to the action after the answer-day named in the summons." (Syl.)

and in *Jones v. Standiferd,* 69 Kan. 513, 77 Pac. 271.

See also the cases of *Lawson v. Rush,* 80 Kan. 262, 101 Pac. 1009, in which it was held that a summons need not be issued upon a cross-petition and that the original summons brought the defendants into court for every purpose connected with the case and they were bound to take notice of all the proceedings that followed, and *Shellabarger v. Sexsmith,* 80 Kan. 530, 103 Pac. 992, to the same effect.

See also *Madden v. Glathart,* 115 Kan. 796, 800, 224 Pac. 910, and *Hawkins v. Smith,* 153 Kan. 542, 111 P. 2d 1108, for analogies to be drawn.

It is apparent from the rule laid down in the early Kimball case, and which has been followed in numerous later decisions, the test is whether the cross-petition, upon which judgment is rendered against a co-defendant who is in default as to plaintiff's petition, is *connected with the action.* Applying the rule to the case before us we have no difficulty in concluding that defendant Johnson's cross-petition was "connected with the action," that is, with plaintiff's action.

As heretofore stated, plaintiff's petition alleged the facts and circumstances concerning its mechanic's lien arising out of the default on the part of defendant Mozella Roberson and her successor in title in payment of the account for building materials. The petition also sought an order of the court adjudging the respective rights and liabilities of all parties to the action, including defendant Johnson and the Robersons. The answer and cross-petition of the other material-man sought substantially the same relief. All of the matters alleged in defendant Johnson's answer and cross-petition pertained directly

and specifically to the entire transaction under consideration, namely, the purchase of the building materials by the Robersons and their alleged fraud and misrepresentation with respect to such materials having been paid for by them, all of which accrued to the detriment of such cross-petitioner. In other words, all of the pleadings on file sought an adjudication of the rights and liabilities of all parties to the action with respect to the property in question. Within the meaning of the rule mentioned defendant Johnson's cross-petition was "connected with the action," and defendants Roberson, having been served with summons in the first instance, were bound to take notice of all further proceedings in the cause, including the cross-petition filed by their co-defendant Johnson.

The case before us is unlike *Beekman v. Trower*, 82 Kan. 327, 108 Pac. 110, in which the rule in the Kimball case is discussed and distinguished, and *Beeler & Campbell Supply Co. v. Warren*, 149 Kan. 135, 86 P. 2d 482, the latter being relied upon by appellees, and in which the filing of a cross-petition by one of the defendants which sought affirmative relief against the plaintiff alone in damages for the breach of a written contract between plaintiff and that defendant, and which cause of action was entirely unrelated to plaintiff's cause of action on a written contract signed by all defendants for the alleged benefit of plaintiff, was held to constitute misjoinder of causes of action.

For the reasons stated we hold that under the facts of this case the judgment rendered in favor of defendant Johnson on her cross-petition against her co-defendants, the Robersons, was not void on the ground the court was without jurisdiction of the subject matter or of the persons of the Robersons, and that the court erred in sustaining the motion to vacate and set aside. The ruling of the lower court is therefore reversed.

WEDELL, J., dissents.