THE T. M. DEAL LUMBER COMPANY, a Corporation, *Appellee,* v. FRED R. VIEUX and VIRGINIA VIEUX, *Appellants,* and THE PRAIRIE STATE BANK, a Corporation; LAWRENCE KNEBLER and THE EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION, *Appellees.*

No. 40,151

THE T. M. DEAL LUMBER COMPANY, a Corporation, *Appellee,* v. FRED R. VIEUX and VIRGINIA VIEUX, *Appellants,* and THE PRAIRIE STATE BANK, a Corporation; LAWRENCE KNEBLER and THE EUREKA FEDERAL SAVINGS AND LOAN ASSOCIATION, *Appellees.*

(298 P. 2d 339)

Opinion filed June 9, 1956.

*Frantz G. Loriaux,* of Augusta, argued the cause and was on the briefs for appellants.

*O. J. Connell, Jr.,* of El Dorado, and *William Tinker,* of Wichita, argued the cause, and *Getto McDonald, Arthur W. Skaer, Hugh P. Quinn* and *William Porter,* all of Wichita, were with them on the briefs for appellee, The T. M. Deal Lumber Company, a Corporation. *Morris Moon,* of Augusta, was on the briefs for appellee, The Prairie State Bank, a Corporation. *M. F. Litras* of El Dorado, argued the cause and was on the briefs for appellee, Lawrence Knebler.

The opinion of the court was delivered by

FATZER, J.: Two appeals are before us arising out of the following: Defendants Fred R. and Virginia Vieux commenced the construction of a house in Augusta, Kansas, and purchased lumber and materials from plaintiff, The T. M. Deal Lumber Company; the labor and construction (in a large part) was performed by defendant Lawrence Knebler. Difficulties arose as to the payment of labor and materials as a result of which plaintiff lumber company filed its verified materialmen's lien statement on April 30, 1954, and defendant Knebler filed his verified statement for a mechanic's lien on the same date. On July 30, 1954, plaintiff lumber company commenced its action to foreclose its materialmen's lien. It made the Vieux and Knebler parties defendant as well as The Prairie State Bank, a corporation, and The Eureka Federal Savings and Loan Association. To this petition defendant Knebler filed an answer and cross petition to foreclose his mechanic's lien. Defendants Vieux demurred to the petition of plaintiff lumber company. On April 14, 1955, this demurrer was sustained. On the same day the demurrer was sustained plaintiff lumber company presented to the district court a motion for leave to file an amended petition, which had attached thereto the amended petition sought to be filed. The court permitted the amended petition to be filed, and granted defendants Vieux twenty days in which to plead. Copies of the motion and of the amended petition were served upon counsel for defendants Vieux prior to or on the date it was heard, but not upon Knebler or his counsel or upon other parties defendant or their counsel. However, the journal entry sustaining the demurrer and the motion to file the amended petition was approved by counsel

for all parties defendant. Later, copies of the motion and the amended petition were mailed to counsel for defendants Knebler, The Prairie State Bank and the loan association.

Defendants Vieux filed a motion to strike the amended petition on the ground that all adverse parties to the action were not given notice of plaintiff's motion for leave to file the amended petition, nor of the hearing of said motion. On June 17, 1955, the district court overruled the motion to strike, and granted defendants Vieux ten days in which to demur or twenty days in which to answer. Thereafter, and on June 28, 1955, defendants Vieux and The Prairie State Bank, a corporation, demurred to the amended petition. On October 12, 1955, the district court overruled both demurrers, and defendants Vieux appeal. The appeal is from the order overruling the demurrer and from no other ruling. This is appeal No. 40,151.

The other appeal, No. 40,137, involves the correctness of the order of the district court overruling the demurrer of defendants Vieux to Knebler's cross petition.

We shall first consider appeal No. 40,151. Defendants Vieux (hereinafter referred to as appellants) specify as error the over-ruling of their demurrer to the amended petition, and also the order of June 17, 1955, overruling their motion to strike the amended petition. When this appeal was argued, counsel made oral application to amend the notice of appeal to include the order overruling the motion to strike the amended petition. We permitted the appeal to be argued on its merits. At conference we considered the application. Following G. S. 1949, 60-3310; *Boss v. Brown,* 132 Kan. 86, 88, 294 Pac. 878; *Vincent v. Werner,* 140 Kan. 599, 602, 38 P. 2d 687; *McQuin v. Santa Fe Trail Transportation Co.,* 155 Kan. 111, 115, 122 P. 2d 787; *Grant v. Reed,* 163 Kan. 105, 111, 179 P. 2d 945; and *Matthews v. Jackson,* 176 Kan. 397, 403, 271 P. 2d 798 we allowed the amendment. Accordingly, we shall consider the appeal as though the notice of appeal included the motion to strike the amended petition.

Appellants contend the district court erred in refusing to strike the amended petition on the ground that all adverse parties had not been given notice of plaintiff's motion for leave to file the amended petition, nor were they served with notice of the hearing of said motion, nor were they given copies of the amended petition prior to the hearing. Appellants further contend that G. S. 1949, 60-722 and 60-723 require plaintiff to serve all adverse parties with

copies of its motion and proposed amended petition prior to the time it was heard by the district court, and in the absence of such service of notice, the district court did not have jurisdiction of all necessary parties and the order sustaining the motion for leave to file the amended petition was void, and that the amended petition should have been stricken. We find no merit in this contention. Appellants apparently overlook G. S. 1949, 60-761, which reads:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court or judge in its discretion shall direct."

It is readily observed that when appellants' demurrer was sustained it was within the sound judicial discretion of the district court to grant leave to file an amended petition. (*Fowler v. Mohl,* 168 Kan. 416, 214 P. 2d 301; *Moeller v. Moeller,* 175 Kan. 848, 852, 267 P. 2d 536.) The court or judge has full discretion with respect to allowing amendments and its ruling under this statute is reviewable only upon abuse of discretion. (*Krouse v. Pratt,* 37 Kan. 651, 16 Pac. 103; *Byington v. Comm'rs of Saline Co.,* 37 Kan. 654, 657, 16 Pac. 105; *Sheldon v. Board of Education,* 134 Kan. 135, 143, 4 P. 2d 430; *Board of Education v. Barton County Comm'rs,* 144 Kan. 124, 127, 58 P. 2d 40.) When the district court sustains a demurrer to a petition it has authority to permit the plaintiff to file an amended petition *as the court or judge in its discretion shall direct* (*Deinlein v. Pace,* 163 Kan. 752, 754, 186 P. 2d 231), and notice thereof is not required to be served upon the adverse party as provided in G. S. 1949, 60-722, 60-723. These statutes have no application to the filing of amended pleadings since complete discretion rests in the court or judge. (G. S. 1949, 60-761.) The record discloses plaintiff had its proposed amended petition before the district court and a copy of it was served upon counsel for appellants prior to or at the time the motion to file the amended petition was heard. The district court did not abuse its discretion in permitting the amended petition to be filed.

There is another rule of this court which compels us to conclude that appellants' contention cannot be sustained. It has been repeatedly held that when the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein. (*Kimball and others v. Connor, Starks and others,* 3 Kan. 414; *Curry v. Janicke,* 48 Kan. 168, 29 Pac. 319; *Jones v.*

*Standiferd,* 69 Kan. 513, 77 Pac. 271; *Lawson v. Rush,* 80 Kan. 262, 101 Pac. 1009; *Shellabarger .v. Sexsmith,* 80 Kan. 530, 103 Pac. 992; *Long Bell Lumber Co. v. Johnson,* 175 Kan. 112, 259 P. 2d 214.) Appellants as well as all other defendants were bound to take notice of the sustaining of the demurrer, and of plaintiff's motion to file the amended petition. Appellants' motion to strike the amended petition was properly overruled.

Appellants further contend the district court erred in overruling their demurrer to plaintiff's amended petition. Without detailing all the allegations of the amended petition, which are admitted by the demurrer, but giving to them all the reasonable inferences to which they are entitled, we conclude the amended petition states a cause of action, and the district court did not err in overruling the demurrer.

We shall now consider appeal No. 40,137. Appellants' specification of error is that the district court erroneously overruled their demurrer to Knebler's cross petition.

A short summary of the mechanic's lien statement is as follows: That defendant Knebler under contract with appellants, furnished material and labor used in the construction of a dwelling house on specifically described real estate belonging to appellants to the extent of $23,748.51; that appellants paid to defendant Knebler upon account for labor and material performed and furnished the sum of $21,748.51, leaving a balance due and unpaid of $2,000, which defendant Knebler claims as a lien upon appellants' real estate; that the total bid made by defendant Knebler for the construction of the dwelling house was $32,500, with extra labor and material in excess of said sum to be paid by the owners; that said bid included the cost of all lumber and material other than shown by invoices attached to the lien statement; that the cost of additional lumber and material used in the construction of said dwelling house was included by defendant Knebler only for the purpose of making his bid; and, that the contract for the purchase of additional lumber and material, other than evidenced by invoices attached to the lien statement totaling in the sum of $23,748.51, was made by appellants directly with The T. M. Deal Lumber Company and no claim was made by defendant Knebler for the cost of lumber and materials purchased by appellants from said lumber company.

Appellants urge that defendant Knebler's cross petition is not framed upon a distinct and definite theory; that the cross-petition

states an express contract and recovery is sought on an implied contract, and that such allegations result in a confusion of theories making the cross-petition subject to demurrer.

Inconsistent allegations do not make a petition demurrable. (*Fetzer v. Williams*, 80 Kan. 554, 103 Pac. 77; *Trousdale v. Amerman*, 124 Kan. 614, 261 Pac. 826; *Stephens v. Farwell*, 155 Kan. 491, 126 P. 2d 489.) We have consistently held that when the law gives several means of redress or relief predicated upon conflicting theories, the allegation of one of them operates as a bar against the subsequent adoption of the other. However, our decisions are just as consistent to the effect that the doctrine has no application where two or more existing remedies are consistent, and when that situation prevails a party may pursue one or all of them so long as he obtains but one satisfaction. (*Waddell v. Blanchard*, 171 Kan. 280, 232 P. 2d 467.) Moreover, appellants' contention has been answered clearly by this court in the case of *Darnell v. Haines*, 119 Kan. 633, 240 Pac. 582, where this court said:

"This court is fully committed to the doctrine that a suit on an implied contract to pay the reasonable value of services rendered, does not deny existence of an express contract to pay a definite sum for the same service; that action on one theory is not incompatible with recovery on the other, notwithstanding the difference in proof and measure of recovery; that both theories may be tendered as grounds for recovery in the same action; and that, although there can be but one recovery, plaintiff may not be required to elect, but may go to the jury on both. (*Berry v. Craig*, 76 Kan. 345, 91 Pac. 913; *Wiley v. Locke*, 81 Kan 143, 105 Pac. 11; *Clifton v. Meuser*, 88 Kan. 408, 129 Pac. 159; *Brigham v. Carpenter*, 110 Kan. 104, 202 Pac. 976.)" (p. 635.)

Under G. S. 60-1401 *et seq.*, the primary basis for the establishment of a mechanic's lien is a contract between the claimant and the owner of the realty. The contract may be written or oral, express or even implied, but only one recovery may be had for the labor performed or material furnished, or both. This is all the cross petition seeks.

The appellants recognized the legitimacy of defendant Knebler's claim in the sum of $23,748.51 by paying $21,748.51, and it seems reasonable to assume they would not have paid such a large amount if the indebtedness did not exist. The lien statement defines exactly what material defendant Knebler furnished and what labor was performed, and sets forth the balance that is due him. We do not believe the cross petition is indefinite or inconsistent as to what is due and owing to defendant Knebler under the contract. The demurrer was properly overruled on this ground.

Appellants next maintain the cross petition of defendant Knebler fails to state any consideration. We do not believe the point is well taken. The cross petition alleged that labor and materials under a contract were furnished and used in the construction of appellants' house; that appellants paid the sum of $21,748.51, leaving a balance due and unpaid of $2,000, and that the labor and materials were furnished and performed between September 10, 1953, and January 19, 1954, the date on which the work was completed. There is no lack of consideration. Appellants have received the benefit of a completed house, and defendant Knebler is entitled to enforce his lien for the unpaid balance. The district court was correct in overruling appellants' demurrer on this ground.

Appellants further contend there were no allegations of performance set forth in the cross petition. We find no merit in this contention. The cross-petition alleged that all of the materials and labor described in the invoices attached to the mechanic's lien statement were used in the construction of appellants' house, and that the work was completed on January 19, 1954. This is a clear statement of performance, under the strict rule of the statute, and the district court did not err in overruling the demurrer on this ground.

We have thoroughly reviewed the record, including appellants' reply brief filed in this court May 8, 1956, and conclude no error appears in the record. The judgment is affirmed.