No. 41,191

BERT JACKSON, *Appellant,* v. HAROLD HOWARD HUTTON, *Appellee.*

(334 P. 2d 424)

Opinion filed January 24, 1959.

*John J. Riling* and *Eugene C. Riling*, both of Lawrence, argued the cause and were on the briefs for the appellant.

*Fred N. Six*, of Lawrence, argued the cause, and *Henry H. Asher* and *Robert F. Ellsworth*, both of Lawrence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This is another appeal involving a so-called "intersection collision" between two automobiles, although the precise question involved is not the usual one of which driver got there first.

Each driver sued the other. The jury found that both were negligent and denied recovery. Plaintiff has appealed.

The facts are very simple and, stripped of details, show substantially the following:

On May 15, 1956, plaintiff was driving his truck in an easterly direction on a graveled county road a mile or two southwest of Baldwin. He was driving thirty-five to forty miles per hour but as he approached the intersection of a north-south graveled county road reduced his speed to about ten miles per hour. It was his intention to turn to the right (south) at the intersection. As he was negotiating the turn the right front portion of his truck collided with the left center portion of defendant's automobile which was being driven by defendant in a northerly direction in the middle of the north-south highway at a speed of approximately forty-five miles per hour. Both vehicles were damaged and in addition plaintiff sustained personal injuries. Shortly thereafter defendant was charged with and entered a plea of guilty to reckless driving in the county court of Douglas county and was fined a nominal sum.

The detailed allegations of the petition and the answer and counter-claim need not be mentioned other than to state that each driver charged the other with negligence which constituted the proximate cause of the collision and resulting damage and injury. Upon the issues thus joined the case was submitted to a jury, and at the conclusion thereof the jury denied recovery to either party, rendered a general verdict in favor of defendant, and answered six special questions.

In answer to questions 1 and 2 *defendant* was found guilty of negligence or contributory negligence which was a proximate cause of the collision in that he disregarded G. S. 1955 Supp. 8-532 (the speed-restriction statute), and G. S. 1949, 8-537 (the right-side-of-the-road statute).

In answer to questions 3 and 4 *plaintiff* was found guilty of negli-

gence or contributory negligence which was a proximate cause of the collision in that he disregarded G. S. 1949, 8-537 (the right-side-of-the-road statute).

In answer to question 5 the jury found the point of collision to be approximately as indicated on plaintiff's exhibits 8 and 9.

In answer to question 6 the jury found that the right front portion of plaintiff's truck contacted the left center portion of defendant's automobile as shown in plaintiff's exhibits 5 and 7.

Plaintiff filed a motion for a new trial on the ground the verdict of the jury was wholly contrary to the evidence, and also filed a motion to set aside the answers to questions 3 and 4 for the reason they were inconsistent with the answers to questions 1, 2 and 5, and also were inconsistent with the general verdict, and on the further ground that the special findings cannot be harmonized with the general verdict.

Exhibit 8, referred to, is an aerial photograph of the intersection taken shortly after the collision. Exhibit 9 is a diagram of the intersection showing the relative positions of the vehicles after the collision. Exhibits 5 and 7 are photographs of the two vehicles showing the damage to each.

Both motions were overruled, the verdict was approved, and judgment was entered for defendant for costs. Plaintiff has appealed and specifies as error the denial of the two motions in question.

Despite the wording of his motion to set aside special findings 3 and 4, what plaintiff actually contends is that those findings are not supported by and are contrary to the evidence. In ruling on the matter the trial court stated:

"It is obvious that the answers to questions 3 and 4 are not inconsistent with the answers to questions 1 and 2. The answer to question 5 fixes the approximate point of the collision as being somewhat west of the center of the north-south road. The undisputed evidence was that defendant was driving north in the center of the north-south road and the jury's answer to question 6 was that the 'right front portion of plaintiff's truck contacted the left center portion of defendant's automobile.' These facts being within the evidence in the case, it is reasonable to assume that the jury figured that the left front of plaintiff's truck was east of the center of the north-south road at the time of the collision and that plaintiff was therefore on his wrong side of such road in violation of G. S. 1949, 8-537. How then can the answers to questions 3 and 4 be inconsistent with the answer to question 5? It is clear that they are not, nor are they inconsistent with the general verdict."

In our opinion the foregoing is a correct analysis of the question and disposes of this lawsuit.

We have examined the evidence, including the exhibits in question, but no good purpose would be served by setting it out in detail. The jury simply found that defendant was guilty of negligence in driving too fast under the conditions existing and was not on the right side of the road. It also found that plaintiff was guilty of negligence in not being on his own side of the road. Conceding that from the cold printed record it would appear defendant was "more negligent" than plaintiff—the rule of "comparative negligence" does not prevail in this state, and it cannot be said there was no evidence upon which the jury could find the plaintiff negligent. Perhaps the jury believed the testimony to the effect that at the scene of the collision, and on several other occasions, plaintiff stated, in substance, "that he was just as much to blame as defendant."

Frequently, in fact all too often, appeals reach this court from orders overruling demurrers to petitions in actions of this kind—but not so here. Issues were joined and the entire matter was submitted to a jury for determination. No complaint is made concerning trial errors, such as rulings on evidence or instructions. We must assume the jury was properly instructed on all matters in issue such as negligence, contributory negligence and proximate cause. In any event, this court is not permitted to retry the facts, as was so aptly stated in *Bruington v. Wagoner*, 100 Kan. 439, 164 Pac. 1057, cited by defendant.

We find no error in this record and the judgment is affirmed.