No. 41,586

MERL R. PETERSON, *Appellant,* v. ORLA J. PETERSON, *Appellee.*

(349 P. 2d 870)

filed March 5, 1960.

Opinion

*Everett L. Baker,* of Lyons, argued the cause and was on the briefs for the appellant.

*L. E. Quinlan,* of Lyons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This action was commenced by plaintiff (appellant), Merl R. Peterson, as an action to replevin certain personal property and to recover damages for its wrongful detention.

Defendant (appellee), Orla J. Peterson, filed an answer by way of general denial, and a cross petition in which he alleged that in 1920 plaintiff and defendant verbally entered into a partnership, under the name of "Peterson Brothers," for the purpose of carrying on farming operations; that in carrying on such operations each party contributed time, labor and money toward the enterprise; that no accounting or division of property owned by the partnership was ever made, except that on December 10, 1955, the parties had a conference and orally agreed as to the contributions of money and property each had made toward the partnership; that a written memorandum of the difference in money each had contributed was made and that, as a result, the parties agreed plaintiff owed defendant $3,130.19. Plaintiff answered, admitting the partnership and denying that an accounting had been made or that he had agreed he owed defendant the mentioned sum, asserting he contributed to the partnership the greater share of labor, equipment

and money. On the above issues thus joined and others immaterial to this appeal, the case was tried by the court, with the jury acting in an advisory capacity.

The evidence, insofar as pertinent, discloses that the parties are brothers who entered into a farming partnership which continued until the fall of 1955. In this period they divided their gross income during or at the end of each year. They contributed time and money to the partnership each year, but there had been no settlement between them of the expenses and money contributed by each from 1935 to 1955. After repeated demands by defendant, the parties held numerous conferences for the purpose of effecting such a settlement. Defendant had made a complete set of records each year which showed the sums of money and expenses each of the parties had contributed to the partnership during that particular year. Finally, on December 10, 1955, the parties completed a written memorandum, which was introduced in evidence and which disclosed the separate amounts of money paid out each year by the plaintiff and by the defendant as expenses of the partnership from 1935 to 1955.

The memorandum further disclosed a certain amount of money defendant owed plaintiff and the amount plaintiff owed defendant for each year, in addition to the amounts paid out each year by the parties as expenses of the partnership. The memorandum also disclosed that the amount paid out by defendant Orla as expenses for the partnership totaled $6,549.59, and the amount paid out by plaintiff Merl as expenses for the partnership totaled $1,330.72; and that defendant Orla owed plaintiff Merl for other items the sum of $1,160.63 and plaintiff Merl owed defendant Orla $1,680.54 for other items. At the bottom of the memorandum is the following notation, "$3130.19 Due Orla Dec 10-1955," which plaintiff denied agreeing to.

Plaintiff testified that he and defendant met at his home in November and December of 1955 to discuss a settlement; that after the memorandum was made, each took a copy; that he never agreed to pay the $3,130.19, and that in preparing the memorandum plaintiff had his papers and defendant had the yearly accounts from 1935 to 1955 and they went over them together, plaintiff making some corrections.

After presentation of the evidence by the parties, the court submitted four special questions to the jury. The first two questions

are not material to the issues involved herein. The jury returned into court their answers to special questions Nos. 3 and 4, as follows:

"No. 3: Do you find that plaintiff and defendant on or about December 10, 1955, at the home of plaintiff had à conference wherein said parties made a memorandum of the difference in money that each had contributed to the partnership each year from 1935 to 1955? Answer: Yes.

"No. 4: If you answer Question No. 3 in the affirmative, then at said time and place did said parties agree that plaintiff owed defendant the sum of $3,130.19? Answer: No."

Thereafter and on March 22, 1958, the trial court approved and adopted the findings of the jury and made them a part of its judgment. No objection was made to this judgment and no appeal was taken therefrom. We have held many times that findings of fact by a jury, supported by evidence and approved by the trial court, are conclusive on appeal. (*Jackson v. Hutton,* 184 Kan. 171, 334 P. 2d 424.) At this stage of the proceedings, we have the admissions of the parties that they each year divided equally between them the gross income from the partnership enterprise, and from the answers to the special questions adopted by the court we have a finding supported by evidence that the parties made a memorandum of the difference in money each had contributed to the partnership each year from 1935 to December 10, 1955. However, the jury's answer to question No. 4, adopted and approved by the court, indicates that plaintiff did not agree he was indebted to defendant in the sum of $3,130.19. Therefore, there was nothing left for the court to do but examine the record and determine by computation the difference in the money advanced by each of the parties and to enter judgment in accordance therewith.

Cognizant of these admissions and findings, on November 14, 1958, defendant filed a motion for judgment on the uncontradicted testimony of the parties and on the written memorandum entered into by them. This motion was duly argued and presented to the trial court, which had before it the entire record in the case, and after taking the matter under consideration, it made a computation of the difference in the moneys advanced by the parties, as disclosed by the record, and on March 2, 1959, entered the following judgment:

"Now, on this same 2nd day of March, 1959, the court having the benefit of arguments of counsel, both orally and in writing, finds that the defendant's motion for judgment should be and the same is hereby sustained for the reason that in the trial of this case the admissions of the plaintiff and the uncontradicted testimony of the defendant reveal and support the conclusion heretofore

found by the jury in answer to Special Question No. 3, and adopted and accepted by the court previously on the 22nd day of March, 1958, that the parties freely and voluntarily made a written memorandum of the sums of money that each had contributed to the partnership from the year 1935 up to and including the 10th day of December, 1955. The court further finds as a matter of law the parties thereby compromised and settled their respective claims against each other."

After allowing plaintiff credit for the sum of $145.66 on the judgment previously rendered, the court entered judgment for defendant in the sum of $2,984.53. From an order overruling plaintiff's motion for a new trial, he appeals.

Plaintiff contends that all the issues in the instant case were settled except an accounting between the parties; that he did not agree to the items set forth in the memorandum, and that he had advanced cash which was not taken into consideration during the preparation of the memorandum introduced in evidence. The trouble with plaintiff's argument is that all these matters were in issue at the trial, were testified to by plaintiff and were considered by the jury in arriving at its answers to the special questions, which findings were specifically approved by the court. Those issues and contentions have therefore been foreclosed and the plaintiff cannot now relitigate such matters, either in this action or a subsequent one. We have repeatedly held that in a court having jurisdiction of the parties and the issues involved in an action, the doctrine of *res adjudicata* not only prevents the litigation of identical facts and questions a second time but also bars the litigation of all matters in a subsequent action which might and should have been determined in the first one. (*Feldmann v. Feldmann,* 166 Kan. 699, 204 P. 2d 742.) It is apparent plaintiff sought the aid of a court of equity to have determined his right in the premises. This action is of that class of cases where the court has power to apply settled rules to unusual conditions and to do equity. (*Stephens v. Farwell,* 155 Kan. 491, 494, 495, 126 P. 2d 489.)

Suffice it to say, plaintiff has not made it clearly to appear the trial court erred in entering its judgment in the instant case. Under the undisputed evidence and the findings of the jury previously approved by the court, we find no error in its computation of the amount of the judgment. We are of the opinion that the trial court made a rather equitable and satisfactory decision, and the judgment is therefore affirmed.

It is so ordered.